**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

YING WEI,

Petitioner,

v.

JAMES JANECHA, et al.,

Respondents.

Case No. EDCV 26-4421-PVC

**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE**

Petitioner Ying Wei ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against James Janecha, Warden of Adelanto ICE Processing Center; Jaime Rios, Field Office Director, Office of Detention and Removal, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States on August 6, 2026. (Pet., Dkt. No. 1). The Petition states that Petitioner has been in immigration custody since August 2026. (*Id.* at

2).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California. (*Id.*). Petitioner alleges that her arrest without notice and a hearing and her continued detention violate procedural and substantive due process under the Fifth Amendment (*id.* at 12). The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner without imposing any new restraint to which she wasn't subject prior to her arrest absent a pre-deprivation determination that such restraint is necessary, enjoining Respondents from re-detaining Petitioner absent notice and a constitutionally adequate hearing before a neutral adjudicator held prior to any such re-detention, enjoining Respondents from transferring Petitioner outside the Central District of California pending resolution of the Petition, and awarding Petitioner reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.* at 13).

Respondents filed their Answer on August 13, 2026 ("Answer"). (Dkt. No. 8). The Answer conceded that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). (*See* Dkt. No. 8 at 3).

Petitioner argues that immediate release is the appropriate remedy and that a post-detention bond hearing is insufficient to cure the alleged violation of procedural due process. (Dkt. No. 1 at 11). Therefore, she "does not seek, and does not consent to, an order directing a bond hearing in lieu of release." (Dkt. No.

---

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

1 at 11). But she does not explain in what way a bond hearing is inadequate to remedy the alleged violations or present any evidence demonstrating that such a hearing would be futile. Instead, she simply argues that she "will have already suffered the harm" of her allegedly wrongful detention and that "[o]rdering a do-over hearing would ratify the very sequence the Constitution forbids—seize first, justify later—and would leave Respondents free to repeat it tomorrow." (*Id.*). However, a post-detention bond hearing generally satisfies due process for the detention of a noncitizen pending removal proceedings pursuant to § 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) ("§ 1226(a)'s procedures satisfy due process, both facially and as applied to [Petitioner]"). Therefore, the interim remedy of a bond hearing before an immigration judge is appropriate at this time.

In light of Respondents' concession, Petitioner is entitled to a bond hearing. *Bostock*, 2026 WL 2196424, at *3.

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide her with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within

the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: August 14, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE